UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ORTEGA MORALES, III,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. McVAY, et al.,<br><br>　　　　　Respondents. | No.  2:24-cv-1647 KJM CSK P<br><br><br>ORDER |

I. INTRODUCTION

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  For the following reasons, this Court finds that petitioner's claims are not exhausted and grants petitioner thirty days to file a motion to stay this action in order to return to state court and exhaust his unexhausted claims.

II. BACKGROUND

Petitioner challenges his 2018 conviction from the Butte County Superior Court for second degree murder in violation of California Penal Code § 187(a) to which petitioner pled no contest.  (ECF No. 1 at 1.)  Petitioner is serving a sentence of 15 years to life.  (Id.)  The petition raises one claim, which identifies three legal claims: ineffective assistance of counsel, violation of due process and violation of "Brady," which appears to refer to Brady v. United States, 397 U.S. 742, 750 (1970) (a guilty plea obtained through coercion is involuntary).  (Id. at 5.)  In support of

claim one, petitioner argues that counsel was ineffective for urging petitioner to plead no contest to murder because the evidence did not support a murder conviction. (Id.) Petitioner argues that involuntary manslaughter was a common conviction when the victim was unintentionally killed as a consequence of an aggravated assault. (Id.) Petitioner argues that he was 17 years old at the time of the incident and easily manipulated by counsel during the court proceedings. (Id.) Petitioner argues that counsel could have argued that the victim died over forty days after the incident, and that other factors could have caused the victim to die including medical negligence, COVID-19, the victim's age and pre-existing medical conditions at the time of the incident. (Id. at 17.) Petitioner argues that there was insufficient evidence of malice aforethought. (Id. at 19.) Petitioner argues that neither malice aforethought nor premeditation played a role in his case. (Id.) Petitioner argues that when a minor is solicited for sex by an adult, per the California "Castle doctrine," use of force was warranted because the solicitor did not withdraw and appeared capable of injuring petitioner. (Id.) Petitioner argues that had he gone to trial, it is reasonably likely that a jury would have acquitted petitioner of murder and found him guilty of manslaughter. (Id. at 20.) Petitioner argues that the court did not consider the youth offender factors in California Penal Code sections 4801 and 3051. (Id.) Petitioner argues that his plea violated Boykin v. Alabama, 395 U.S. 238 (1969) in that it was not knowing, intelligent and voluntary. (Id. at 21.)

III. DISCUSSION

    A. Legal Standard for Exhaustion of State Court Remedies

    Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim ...; or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are still available to the

petitioner and the petitioner had not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.

B. Petitioner's Appeals

1. Background

Petitioner claims that he appealed his conviction, although he does not attach any documents from his state appeal. (Id. at 2.) Records from the California Court of Appeal reflect that petitioner filed two appeals following his conviction.[1] In case no. C090360, petitioner filed a notice of appeal on September 12, 2019 from the trial court's denial of petitioner's request for sentence modification on restitution fines and fees. On October 24, 2019, counsel was appointed to represent petitioner in this appeal. After receiving briefing from both petitioner's counsel and respondent, the California Court of Appeal denied this appeal on June 12, 2020 as an appeal from a nonappealable order, citing People v. Turrin, 176 Cal. App. 4th 1200, 1206-07 (2009). The docket from the California Court of Appeal reflects that on July 23, 2020, petitioner filed a petition for review in the California Supreme Court regarding the denial of appeal no. C090360 by the California Court of Appeal. On August 26, 2020, the California Supreme Court denied the petition for review.

Records from the California Court of Appeal reflect that in case no. C090858, petitioner

---

[1] This Court takes judicial notice of the California Court of Appeal's docket of petitioner's appeals. Fed. R. Evid. 201.

1 filed an appeal on November 7, 2019 from the trial court's denial of his petition for resentencing.
2 On January 28, 2020, counsel was appointed to represent petitioner in this appeal. On September
3 4, 2020, appellate counsel filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979).[2] On
4 February 16, 2021, the California Court of Appeal dismissed petitioner's appeal as abandoned,
5 citing People v. Figueras, 61 Cal. App. 5th 108 (2021) (describing the Wende procedures
6 applicable to postconviction petitions), vacated and remanded, 308 Cal. Rptr. 3d 642 (May 31,
7 2023), and People v. Serrano, 211 Cal. App. 4th 496, 501-04 (2012) (dismissing appeal as
8 abandoned where appellant identified no arguable issues and sought Wende review). The docket
9 from the California Court of Appeal does not reflect that petitioner appealed this decision to the
10 California Supreme Court.

        2. Analysis

    This Court finds that petitioner's two appeals did not exhaust any of the claims raised in the instant petition. As discussed above, in appeal no. C090360, petitioner sought a sentence modification on restitution fines and fees. The instant petition raises no claims regarding sentence modification on restitution fines and fees. Appeal no. C090858 did not exhaust any claims because petitioner did not file a petition for review in the California Supreme Court following the California Court of Appeal's denial of this appeal.

    C. Petitioner's Habeas Corpus Petition Filed in the California Supreme Court

        1. Background

    Petitioner filed a habeas corpus petition in the California Supreme Court raising two claims. A copy of this petition is attached to the instant petition. (ECF No. 1 at 46-51.) This petition does not contain a date filed stamp so it is unclear when petitioner filed this petition. In claim one of the habeas corpus petition filed in the California Supreme Court, petitioner described his grounds for relief as California Penal Code § 1170.95 and ineffective assistance of counsel. (Id. at 48.) Petitioner argued that his counsel was ineffective for advising petitioner to plead no

---

[2] In People v. Wende, the California Supreme Court established a constitutionally sufficient procedure by which appellate counsel may inform the court of the nature of an appeal and decline to brief issues judged to be frivolous. Smith v. Robbins, 528 U.S. 259, 265 (2000).

contest to second degree murder because evidence existed supporting a manslaughter conviction. (Id.) Petitioner argued that a manslaughter conviction was a common verdict when the victim was unintentionally killed as a consequence of an aggravated assault. (Id.) Petitioner argued that the victim died over forty days after the incident and that other factors could have caused the victim's death including medical negligence, COVID-19, the victim's age and pre-existing conditions. (Id.) Petitioner argued that he was 17 years old at the time of the incident. (Id.) In claim two, petitioner described his grounds for relief as California Penal Code sections 1016 and 1018. (Id. at 49.) In support of claim two, petitioner claimed that he entered his guilty plea because he was told by counsel that he did not have any defense to the crime charged and that petitioner was under the age of 18 at the time. (Id.)

In the instant petition, various exhibits follow the copy of petitioner's habeas corpus petition filed in the California Supreme Court, including petitioner's abstract of judgment, felony complaint, the probation officer's report, the record from petitioner's plea agreement and an order by the Butte County Superior Court setting petitioner's motion for a Franklin Hearing on the court calendar. (Id. at 50-62.) It is unclear whether petitioner attached these documents to the habeas corpus petition filed in the California Supreme Court.

On July 12, 2023, the California Supreme Court denied petitioner's habeas corpus petition by order citing People v. Duvall, 9 Cal. 4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary evidence) and In re Swain, 34 Cal. 2d 300, 304 (1949) (a petition for writ of habeas corpus must allege sufficient facts with particularity). (Id. at 44.)

        2. Analysis

           a. Claim Pursuant to California Penal Code Sections 4801 and 3051

In the instant petition, petitioner claims that the trial court did not consider the youth offender factors in California Penal Code sections 4801 and 3051. Petitioner's habeas corpus petition filed in the California Supreme Court did not raise a claim based on the trial court's failure to consider the youth offender factors in California Penal Code sections 4801 and 3051. Accordingly, this claim is not exhausted.

      b. <u>Claims Based on Alleged Ineffective Assistance of Counsel and Involuntary Plea</u>

  In the instant petition, petitioner appears to claim that his no contest plea was involuntary based on ineffective assistance of counsel. Petitioner argues that his counsel was ineffective for advising petitioner to plead no contest to second degree murder for the following reasons: 1) there was insufficient evidence of malice aforethought; 2) the victim was unintentionally killed as a consequence of an aggravated assault; 3) other factors could have caused the victim to die such as medical negligence, COVID-19, the victim's age, pre-existing medical conditions; and 4) per the California "Castle doctrine," use of force was warranted because the solicitor did not withdraw and appeared capable of injuring petitioner.

  This Court first observes that in the habeas corpus petition filed in the California Supreme Court, petitioner did not argue that counsel was ineffective for advising petitioner to plead no contest to murder because there was insufficient evidence of malice aforethought and because petitioner had a defense pursuant to the Castle doctrine based on the victim's assault of petitioner. For this reason, these claims of ineffective assistance of counsel are not exhausted. <u>See</u> <u>Gulbrandson v. Ryan</u>, 738 F.3d 976, 992 (9th Cir. 2013) ("As a general matter, each unrelated alleged instance of counsel's ineffectiveness is a separate claim for purposes of exhaustion."); <u>Hemmerle v. Schriro</u>, 495 F.3d 1069, 1075 (9th Cir. 2007) ("all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies.").

  In the instant petition, petitioner may also be raising a claim alleging that his plea was involuntary because he did not understand the consequences of his plea as he was under the age of 18 at the time he pled no contest. <u>See</u> <u>Ortberg v. Moody</u>, 961 F.2d 135, 137-38 (9th Cir. 1992) (a petitioner pleading no contest may challenge only the voluntary and intelligent nature of his no contest plea). In claim two of petitioner's habeas corpus petition filed in the California Supreme Court, based on California Penal Code sections 1016 and 1019, petitioner argued that he was under the age of 18. However, petitioner did not raise a claim alleging that his plea was involuntary in violation of his federal constitutional rights based on his age at the time he entered

his plea.  For this reason, this claim is not exhausted.  See Jackson v. Jackson, 2021 WL 3622042, at *5 (W.D. Wash. July 21, 2021) ("Under Ninth Circuit caselaw, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal or state cases involving the legal standard for a federal constitutional violation.").

This Court next considers the California Supreme Court's citation to People v. Duvall and In re Swain as to the two ineffective assistance of counsel claims raised in both the instant petition and the habeas corpus petition filed in the California Supreme Court: counsel was ineffective for advising petitioner to plead guilty to second degree murder because 1) the evidence supported a manslaughter conviction because the victim was unintentionally killed as a consequence of assault; and 2) the victim died over forty days after the incident and other factors could have caused the victim's death including medical negligence, COVID-19, the victim's age and pre-existing conditions.

As discussed above, the California Supreme Court denied petitioner's habeas corpus petition by order citing People v. Duvall, 9 Cal.4th 464, 474 (1995), based on petitioner's failure to include copies of reasonably available documentary evidence, and In re Swain, 34 Cal.2d 300, 304 (1949), based on petitioner's failure to allege sufficient facts with particularity.  When the California Supreme Court denies a petition for writ of habeas corpus with citations to both Duvall and Swain, the decision is "in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity."  Curiel v. Miller, 830 F.3d 864, 869 (9th Cir. 2016) (alterations in original) (elaborating on the meaning of the Duvall and Swain citations in California Supreme Court orders).  "These are defects that can be cured in a renewed state petition[, and] [s]tate judicial remedies are not exhausted in such a case."  McCarthy v. Frauenheim, 2017 WL 5972696, at *3 (N.D. Cal. Dec. 1, 2017); see Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) ("Swain is cited by the California Supreme Court to indicate that claims have not been alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed petition").

The California Supreme Court's citations to Duvall and Swain do not establish per se that

7

petitioner failed to exhaust his current claims. See Kim, 799 F.2d at 1319. Rather, this Court is required to "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera v. Att'y Gen. of California, 473 F.App'x. 748, 749 (9th Cir. 2012) (citations to Swain and Duvall require a federal habeas court to independently analyze the state petition to determine whether the petitioner satisfied federal exhaustion requirements and alleged his claims with as much particularity as is practicable).

For the following reasons, this Court finds that the California Supreme Court's citation to Duvall and Swain establish that petitioner failed to exhaust the two ineffective assistance of counsel claims raised in both the instant petition and the petition filed in the California Supreme Court. In the petition filed in the California Supreme Court, petitioner pled no specific facts supporting his claim that counsel was ineffective in advising petitioner to plead no contest to second degree murder because the evidence supported a manslaughter conviction as the victim was unintentionally killed as a consequence of an aggravated assault. In addition, petitioner pled no specific facts supporting his claim alleging that counsel was ineffective in advising petitioner to plead no contest to second degree murder because the victim's death could have been caused by other factors such as medical negligence, COVID-19, the victim's age and pre-existing conditions. Both claims, as pled in the petition filed in the California Supreme Court, were vague and conclusory. Petitioner also failed to attach any documentary evidence supporting either of these claims in the petition filed in the California Supreme Court. For these reasons, this Court finds that these claims of ineffective assistance of counsel are not exhausted because petitioner could renew his petition in the California Supreme Court raising these claims with additional facts and/or documentation supporting these claims.

IV. STAY OF THIS ACTION

As discussed above, none of the claims raised in the instant petition are exhausted. In "limited circumstances," the district court may stay and abey a habeas petition for the purpose of allowing the petitioner to exhaust state remedies (a "Rhines stay"). Rhines v. Weber, 544 U.S. 269, 277 (2005). A Rhines stay may be employed as to both "mixed" petitions—i.e., those

8

containing exhausted and unexhausted claims—and petitions raising only unexhausted claims. Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016).  A Rhines stay is appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  Rhines, 544 U.S. at 278.

Petitioner is granted thirty days to file a motion for a Rhines stay in order to return to state court and exhaust his unexhausted claims.  If petitioner does not file a motion for a Rhines stay within that time, this Court will recommend that the petition be dismissed for failure to exhaust state court remedies.[3]

V.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order to file a motion for a Rhines stay; this Court will recommend dismissal of this petition for failure to exhaust state court remedies if petitioner does not file a motion for a Rhines stay within that time.

Dated:  September 9, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

mor1647.dis

2

---

[3] The Court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief.  Because the instant petition is wholly unexhausted, a Kelly stay is not available in the present case.