UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ORTEGA MORALES, III, | No. 2:24-cv-1647 KJM CSK P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. McVAY, et al., | |
| Respondents. | |

**I. INTRODUCTION**

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, this Court recommends that petitioner's motion to stay (ECF No. 7) be denied and that this action be dismissed because petitioner failed to exhaust state court remedies as to all claims.

**II. BACKGROUND**

    Petitioner challenges his 2018 conviction from the Butte County Superior Court for second degree murder in violation of California Penal Code § 187(a) to which petitioner pled no contest. (ECF No. 1 at 1.) Petitioner is serving a sentence of 15 years to life. (Id.) The petition raises one claim, which identifies three legal claims: ineffective assistance of counsel, violation of due process and violation of "Brady," which appears to refer to Brady v. United States, 397 U.S. 742, 748 (1970) (a guilty plea must be knowing, intelligent and voluntary). (Id. at 5.) In support

1

of claim one, petitioner argues that counsel was ineffective for urging petitioner to plead no contest to murder because the evidence did not support a murder conviction.  (Id.)  Petitioner argues that involuntary manslaughter was a common conviction when the victim was unintentionally killed as a consequence of an aggravated assault.  (Id.)  Petitioner argues that he was 17 years old at the time of the incident and easily manipulated by counsel during the court proceedings.  (Id.)  Petitioner argues that counsel could have argued that the victim died over forty days after the incident, and that other factors could have caused the victim to die including medical negligence, COVID-19, the victim's age and pre-existing medical conditions at the time of the incident.  (Id. at 17.)  Petitioner argues that there was insufficient evidence of malice aforethought.  (Id. at 19.)  Petitioner argues that neither malice aforethought nor premeditation played a role in his case.  (Id.)  Petitioner argues that when a minor is solicited for sex by an adult, per the California "Castle doctrine," use of force was warranted because the solicitor did not withdraw and appeared capable of injuring petitioner.  (Id.)  Petitioner argues that had he gone to trial, it is reasonably likely that a jury would have acquitted petitioner of murder and found him guilty of manslaughter.  (Id. at 20.)  Petitioner argues that the court did not consider the youth offender factors in California Penal Code sections 4801 and 3051.[1]  (Id.)  Petitioner argues that his plea violated Boykin v. Alabama, 395 U.S. 238 (1969) in that it was not knowing, intelligent and voluntary.[2]  (Id. at 21.)

### III. DISCUSSION RE:  EXHAUSTION

**A. Legal Standard for Exhaustion of State Court Remedies**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  The exhaustion doctrine is based on a policy of federal and state comity,

---

[1] In 2013, the California Legislature enacted a parole eligibility mechanism for juvenile offenders.  See People v. Franklin, 63 Cal. 4th 261, 276-77 (2016).  California Penal Code sections 3051 and 4801(c) were enacted in support of the new juvenile offender parole provisions.  See Cornego v. Lizzaraga, 2021 WL 616885, at *20-21 (E.D. Cal. Feb. 17, 2021), findings and recommendations adopted 2021 WL 4478727 (E.D. Cal. Sep. 30, 2021).

[2] Under Boykin, "the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily."  Brady, 397 U.S. at 747 n. 4.

2

1   designed to give state courts the initial opportunity to correct alleged constitutional deprivations.
2   See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner
3   may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with
4   an opportunity to rule on the merits of the claim ...; or (2) by showing that at the time the
5   petitioner files the habeas petition in federal court no state remedies are still available to the
6   petitioner and the petitioner had not deliberately by-passed the state remedies." Batchelor v.
7   Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).

8   Regardless of whether the claim was raised on direct appeal or in a post-conviction
9   proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's
10  highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A claim has been fairly
11  presented if the petition has described both the operative facts and the federal legal theory on
12  which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Although the
13  exhaustion doctrine requires only the presentation of each federal claim to the highest state court,
14  the claims must be presented in a posture that is acceptable under state procedural rules. See
15  Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981). Thus, an appeal or petition for post-conviction
16  relief that is denied by the state courts on procedural grounds, where other state remedies are still
17  available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482,
18  488 (1979); Sweet, 640 F.2d at 237-38.

19  **B. Petitioner's Appeals**

20  1. Background

21  Petitioner claims that he appealed his conviction, although he does not attach any
22  documents from his state appeal. (ECF No. 1 at 2.) Records from the California Court of Appeal
23  reflect that petitioner filed two appeals following his conviction.[3] In case no. C090360, petitioner
24  filed a notice of appeal on September 12, 2019. The notes in the docket reflect that petitioner was
25  appealing the trial court's denial of petitioner's request for sentence modification on restitution of

---

[3] This Court takes judicial notice of the docket from the California Court of Appeal containing the records of petitioner's appeals. See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of matters of public record not subject to reasonable dispute).

1  fines and fees.  On October 24, 2019, counsel was appointed to represent petitioner in this appeal.
2  After receiving briefing from both petitioner's counsel and respondent, the California Court of
3  Appeal denied this appeal on June 12, 2020 as an appeal from a nonappealable order, citing
4  People v. Turrin, 176 Cal. App. 4th 1200, 1206-07 (2009).  The docket from the California Court
5  of Appeal reflects that on July 23, 2020, petitioner filed a petition for review in the California
6  Supreme Court regarding the denial of appeal no. C090360 by the California Court of Appeal.
7  On August 26, 2020, the California Supreme Court denied the petition for review.

   Records from the California Court of Appeal reflect that in case no. C090858, petitioner
8
9  filed an appeal on November 7, 2019.  On January 28, 2020, counsel was appointed to represent
10 petitioner in this appeal.  On September 4, 2020, appellate counsel filed a brief pursuant to People
11 v. Wende, 25 Cal. 3d 436 (1979).[4]  On February 16, 2021, the California Court of Appeal
12 dismissed petitioner's appeal as abandoned, citing People v. Figueras, 61 Cal. App. 5th 108
13 (2021) (describing the Wende procedures applicable to postconviction petitions), vacated and
14 remanded, 308 Cal. Rptr. 3d 642 (May 31, 2023), and People v. Serrano, 211 Cal. App. 4th 496,
15 501-04 (2012) (dismissing appeal as abandoned where appellant identified no arguable issues and
16 sought Wende review).  The docket from the California Court of Appeal does not reflect that
17 petitioner appealed this decision to the California Supreme Court.

18              2. Analysis

19     This Court finds that petitioner's two state court appeals did not exhaust any of the claims
20 raised in the instant petition.  As discussed above, in appeal no. C090360, petitioner appealed the
21 denial of his request for sentence modification on restitution of fines and fees.  The instant
22 petition raises no claims regarding sentence modification on restitution of fines and fees.  Appeal
23 no. C090858 did not exhaust any claims because petitioner did not file a petition for review in the
24 California Supreme Court following the California Court of Appeal's dismissal of this appeal.
25 ///

26

27 [4] In People v. Wende, the California Supreme Court established a constitutionally sufficient
   procedure by which appellate counsel may inform the court of the nature of an appeal and decline
28 to brief issues judged to be frivolous.  See Smith v. Robbins, 528 U.S. 259, 265 (2000).

4

### C. Petitioner's Habeas Corpus Petition Filed in the California Supreme Court

#### 1. Background

Attached to the instant petition is a copy of a habeas corpus petition addressed to the California Supreme Court and signed by petitioner on April 3, 2023. (ECF No. 1 at 46-51.) This petition does not contain a date filed stamp. Records from the California Supreme Court reflect that petitioner filed a habeas corpus petition in the California Supreme Court in case no. S279510 on April 14, 2023.[5] Attached to the instant petition is a copy of the July 12, 2023 order by the California Supreme Court denying the habeas corpus petition filed in case no. S279510. (Id. at 44.) Based on these records, this Court finds the copy of the habeas corpus petition addressed to the California Supreme Court attached to the instant petition is the habeas corpus petition petitioner filed in the California Supreme Court in case no. S279510.

Petitioner's habeas corpus petition filed in the California Supreme Court contained two claims for relief. In claim one, petitioner described his grounds for relief as California Penal Code § 1170.95 and ineffective assistance of counsel.[6] (Id. at 48.) Petitioner argued that his counsel was ineffective for advising petitioner to plead no contest to second degree murder because evidence existed supporting a manslaughter conviction. (Id.) Petitioner argued that a manslaughter conviction was a common verdict when the victim was unintentionally killed as a consequence of an aggravated assault. (Id.) Petitioner argued that the victim died over forty days after the incident and that other factors could have caused the victim's death including medical negligence, COVID-19, the victim's age and pre-existing conditions. (Id.) Petitioner argued that he was 17 years old at the time of the incident. (Id.) In claim two, petitioner described his

---

[5] This Court takes judicial notice of the California Supreme Court's docket reflecting petitioner's habeas corpus petition, case no. S279510. See Fed. R. Evid. 201; Reyn's Pasta Bella, 442 F.3d at 746 n.6.

[6] Effective January 1, 2019, the California legislature restricted the circumstances under which a participant in an underlying offense may be found guilty of murder on a felony-murder or a natural-and-probable-consequences theory, and added a new statutory provision, California Penal Code section 1170.5, "which provides a procedure by which those convicted of murder can seek retroactive relief if the change in law would affect their previously sustained convictions." People v. Martinez, 31 Cal. App. 5th 719, 722-23 (2019). Effective June 30, 2022, California Penal Code section 1170.95 was renumbered and can now be found at California Penal Code section 1172.6.

grounds for relief as California Penal Code sections 1016 and 1018.[7]  (Id. at 49.)  In support of claim two, petitioner claimed that he entered his guilty plea because he was told by counsel that he did not have any defense to the crime charged and that petitioner was under the age of 18 at the time.  (Id.)

In the instant petition, various exhibits follow the copy of petitioner's habeas corpus petition filed in the California Supreme Court: petitioner's abstract of judgment, felony complaint, the probation officer's report, the record from petitioner's plea agreement and an order by the Butte County Superior Court setting petitioner's motion for a Franklin Hearing on the court calendar.  (Id. at 50-62.)  It is unclear whether petitioner attached these documents to the habeas corpus petition filed in the California Supreme Court.

On July 12, 2023, the California Supreme Court denied petitioner's habeas corpus petition, case no. S278510, by order citing People v. Duvall, 9 Cal. 4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary evidence) and In re Swain, 34 Cal. 2d 300, 304 (1949) (a petition for writ of habeas corpus must allege sufficient facts with particularity).  (Id. at 44.)

        2. Analysis

              *a. Claim Pursuant to California Penal Code Sections 4801 and 3051*

In the instant petition, petitioner appears to claim that the trial court did not consider the youth offender factors in California Penal Code sections 4801 and 3051.  Petitioner's habeas corpus petition filed in the California Supreme Court did not raise a claim based on the trial court's failure to consider the youth offender factors in California Penal Code sections 4801 and 3051.  Accordingly, this claim is not exhausted.

              *b. Claims Based on Alleged Ineffective Assistance of Counsel*

In the instant petition, petitioner argues that his counsel was ineffective for advising petitioner to plead no contest to second degree murder for the following reasons: 1) the evidence

---

[7] California Penal Code section 1016 lists the six kinds of pleas to an indictment or an information, or to a complaint charging a misdemeanor or infraction.  California Penal Code section 1018 allows "a defendant to withdraw his or her guilty or no contest plea…for good cause shown by clear and convincing evidence."  People v. Archer, 230 Cal. App.4th 693, 702 (2014).

1  supported involuntary manslaughter because there was insufficient evidence of malice
2  aforethought because the victim was unintentionally killed as a consequence of an aggravated
3  assault; 2) counsel could have argued that other factors could have caused the victim to die such
4  as medical negligence, COVID-19, the victim's age, and pre-existing medical conditions; and
5  3) counsel could have argued that, per the California "Castle doctrine," use of force was
6  warranted because the solicitor did not withdraw and appeared capable of injuring petitioner.

Petitioner's ineffective assistance of counsel claim based on counsel's failure to argue the "Castle doctrine" is not exhausted because petitioner did not raise this claim in the habeas corpus petition filed in the California Supreme Court. See Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir. 2013) ("As a general matter, each unrelated alleged instance of counsel's ineffectiveness is a separate claim for purposes of exhaustion.") (internal citations omitted); Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007) ("all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies.").

This Court next considers the California Supreme Court's citation to People v. Duvall and In re Swain as to the ineffective assistance of counsel claims raised in both the instant petition and the habeas corpus petition filed in the California Supreme Court: counsel was ineffective for advising petitioner to plead guilty to second degree murder because 1) the evidence supported a manslaughter conviction because the victim was unintentionally killed as a consequence of assault; and 2) the victim died over forty days after the incident and other factors could have caused the victim's death including medical negligence, COVID-19, the victim's age and pre-existing conditions.

As discussed above, the California Supreme Court denied petitioner's habeas corpus petition by order citing People v. Duvall, 9 Cal. 4th 464, 474 (1995), based on petitioner's failure to include copies of reasonably available documentary evidence, and In re Swain, 34 Cal. 2d 300, 304 (1949), based on petitioner's failure to allege sufficient facts with particularity. When the California Supreme Court denies a petition for writ of habeas corpus with citations to both Duvall and Swain, the decision is "in effect, the grant of a demurrer, i.e., a holding that [the petitioner] ha[s] not pled facts with sufficient particularity." Curiel v. Miller, 830 F.3d 864, 869 (9th Cir.

2016) (alterations in original) (elaborating on the meaning of the Duvall and Swain citations in California Supreme Court orders).  "These are defects that can be cured in a renewed state petition[, and] [s]tate judicial remedies are not exhausted in such a case."  McCarthy v. Frauenheim, 2017 WL 5972696, at *3 (N.D. Cal. Dec. 1, 2017); see Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) ("Swain is cited by the California Supreme Court to indicate that claims have not been alleged with sufficient particularity.  That deficiency, when it exists, can be cured in a renewed petition.").

      The California Supreme Court's citations to Duvall and Swain do not establish per se that petitioner failed to exhaust his current claims.  See Kim, 799 F.2d at 1319.  Rather, this Court is required to "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'"  Barrera v. Att'y Gen. of California, 473 F.App'x. 748, 749 (9th Cir. 2012) (internal citations omitted) (citations to Swain and Duvall require a federal habeas court to independently analyze the state petition to determine whether the petitioner satisfied federal exhaustion requirements and alleged his claims with as much particularity as is practicable).

      For the following reasons, this Court finds that the California Supreme Court's citation to Duvall and Swain establish that petitioner failed to exhaust the two ineffective assistance of counsel claims raised in both the instant petition and the petition filed in the California Supreme Court.  In the petition filed in the California Supreme Court, petitioner pled no specific facts supporting his claim that counsel was ineffective in advising petitioner to plead no contest to second degree murder because the evidence supported a manslaughter conviction as the victim was unintentionally killed as a consequence of an aggravated assault.  In addition, petitioner pled no specific facts supporting his claim alleging that counsel was ineffective in advising petitioner to plead no contest to second degree murder because the victim's death could have been caused by other factors such as medical negligence, COVID-19, the victim's age and pre-existing conditions.  Both claims, as pled in the petition filed in the California Supreme Court, were vague and conclusory.  Petitioner also failed to attach any documentary evidence supporting either of

1 these claims to the petition filed in the California Supreme Court. The documents attached to the
2 instant petition, which may have been attached to the habeas corpus petition filed in the
3 California Supreme Court, i.e., petitioner's abstract of judgment, felony complaint, the probation
4 officer's report, the record from petitioner's plea agreement and order by the Butte County
5 Superior Court setting petitioner's motion for a Franklin Hearing on the court calendar, do not
6 appear to support the ineffective assistance of counsel claims raised in both the instant petition
7 and the habeas corpus petition filed in the California Supreme Court. Accordingly, for these
8 reasons, this Court finds that the two ineffective assistance of counsel claims raised in both the
9 instant petition and the California Supreme Court are not exhausted because petitioner could
10 renew his petition in the California Supreme Court raising these claims with additional facts
11 and/or documentation supporting these claims.

*c. Claim Alleging Involuntary Plea*

13 In the instant petition, based on the citations to Brady and Boykin, petitioner appears to
14 raise claims challenging the voluntariness of his plea based on the alleged ineffective assistance
15 of counsel discussed above and, possibly, on the grounds that he did not understand the
16 consequences of his plea as he was under the age of 18 at the time he pled no contest. In the
17 habeas corpus petition filed in the California Supreme Court, petitioner did not clearly raise a
18 claim alleging violation of his federal constitutional rights based on the involuntariness of his plea
19 on these grounds. However, in claim one of the habeas corpus petition filed in the California
20 Supreme Court, in the section titled "Supporting cases, rules, or other authority," petitioner wrote,
21 "Petitioner[']s rights to due process of law under the Fifth, Sixth and Fourteenth Amendments
22 were violated by permitting appellant to be convicted of one count of second degree murder on
23 the basis of a misleading negotiated plea." (ECF No. 1 at 48.) To the extent this language could
24 be construed as raising an involuntary plea claim based on ineffective assistance of counsel, this
25 Court finds that the California Supreme Court's citation to Duvall and Swain establish that
26 petitioner failed to exhaust this claim. As discussed above, petitioner's ineffective assistance of
27 counsel claims raised in the California Supreme Court, on which the involuntary plea claim
28 appears to be based, were not exhausted because they were vaguely pled and not supported by

9

1 any documentation. Accordingly, petitioner's claim challenging the voluntariness of his plea
2 based on ineffective assistance of counsel is not exhausted because petitioner could renew his
3 petition in the California Supreme Court raising this claim with additional facts and/or
4 documentation supporting this claim.

This Court also finds that the citations to Duvall and Swain are also applicable to petitioner's claim challenging the voluntariness of his plea based on his age at the time of his plea as this claim, as pled in the habeas corpus petition filed in the California Supreme Court, was vague and not supported by any documentation. Petitioner could renew his petition in the California Supreme Court raising this claim with additional facts and/or documentation supporting this claim.

As discussed above, claim two of the habeas corpus petition raised in the California Supreme Court did not challenge the voluntariness of petitioner's plea based on alleged violations of petitioner's federal constitutional rights. Instead, claim two of the petition raised in the California Supreme Court challenged petitioner's plea based on alleged violations of California Penal Code sections 1016 and 1018. For this reason, claim two of the habeas corpus petition filed in the California Supreme Court did not exhaust petitioner's claims raised in the instant petition challenging the voluntariness of his plea.

For the reasons discussed above, this Court finds that petitioner's claims challenging the voluntariness of his plea are not exhausted.

**IV. PETITIONER'S MOTION TO STAY**

As discussed above, petitioner failed to exhaust all of the claims raised in the instant petition. In "limited circumstances," the district court may stay and abey a habeas petition for the purpose of allowing the petitioner to exhaust state remedies (a "Rhines stay"). See Rhines v. Weber, 544 U.S. 269, 277 (2005). A Rhines stay may be employed as to both "mixed" petitions—i.e., those containing exhausted and unexhausted claims—and petitions raising only unexhausted claims. See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). A Rhines stay is appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in

intentionally dilatory litigation tactics.  See Rhines, 544 U.S. at 278.

On September 9, 2024, this Court found that none of the claims raised in the instant petition were exhausted for the reasons discussed above.  (ECF No. 6.)  In the September 9, 2024 order, this Court advised petitioner of the legal standards for a Rhines stay.[8]  (Id. at 8-9.)  This Court granted petitioner thirty days to file a motion for a Rhines stay.  (Id.)

Pending before the Court is petitioner's motion for a Rhines stay.  (ECF No. 7.)  In this motion, petitioner fails to address whether he has good cause for his failure to exhaust his claims, whether his unexhausted claims are potentially meritorious, and whether he did not engage in intentionally dilatory tactics.  (Id.)  Based on petitioner's failure to address the Rhines factors, this Court recommends that petitioner's motion to stay this action pursuant to Rhines be denied.

**V.  CONCLUSION**

For the reasons discussed above, this Court recommends that this action be dismissed because no claims raised in the petition are exhausted.[9]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay (ECF No. 7) be denied; and

2. This action be dismissed based on petitioner's failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

---

[8] The Court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief.  Because the instant petition is wholly unexhausted, a Kelly stay is not available in the present case.

[9] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  he shall also address whether a certificate of appealability should issue and, if so, why and as to
2  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
3  applicant has made a substantial showing of the denial of a constitutional right."  28
4  U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time
5  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
6  Cir. 1991).

8  Dated:  May 28, 2025

       _____
       CHI SOO KIM
       UNITED STATES MAGISTRATE JUDGE

13  Mor1647.156/2

12