UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Ortega Morales, III, | No. 2:24-cv-01647-KJM-CSK |
| Petitioner, | ORDER |
| v. | |
| M. McVay, et al., | |
| Respondents. | |

    Juan Ortega Morales, III, is serving a sentence in a state prison after pleading "no contest" to second degree murder. He has filed a pro se petition for a writ of habeas corpus in this court. He contends in his petition that he received ineffective assistance from the attorney who represented him in the state court in violation of the U.S. Constitution. *See* Pet. at 5, ECF No. 1.[1] He also contends he was deprived of due process, and he appears to assert that his decision to plead no contest was not knowing, intelligent and voluntary, also both claims of federal constitutional errors. *See id.*

    The case was referred to the assigned Magistrate Judge under this district's local rules. The Magistrate Judge recommends dismissing the petition because Morales did not seek relief within the California court system before he filed his petition in this court. *See generally* F&Rs,

---

[1] For clarity, the page numbers cited in this order are those applied by the CM/ECF system at the top right of all filed documents.

1

ECF No. 8. The Magistrate Judge also recommends not to stay and abey this case while Morales pursues his claims in state court. *See id.* at 11. Morales objects to the Magistrate Judge's findings and recommendations. *See generally* Objs., ECF No. 9. This court has reviewed his objections and the record and adopts the findings and recommendations in part.

As the Magistrate Judge correctly summarized, a federal court cannot grant an application for a writ of habeas corpus filed on behalf of a state prisoner "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," or unless there is no "available State corrective process," or the circumstances "render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). For Morales, the California court system offered a "corrective process," and the record does not show that process was "ineffective" in his circumstances. In short, this court cannot grant Morales's application unless he "exhausted the remedies" available to him in the California courts.

Morales did file two appeals in state court. In the first appeal, he made different arguments than those he now pursues, so that appeal does not show he exhausted the remedies that were available to him for purposes of § 2254(b)(1). *See* F&Rs at 3–4. In the second appeal, he did not pursue the appellate process through to its completion, so by definition he did not "exhaust" the remedies available to him in that appeal, either. *See id.* at 4–5.

Morales also filed a post-conviction petition for a writ of habeas corpus in the California Supreme Court. *See id.* at 5–6. The California Supreme Court did not actually address his constitutional arguments or decide whether his conviction was constitutional. *See id.* at 6–7. Instead, the state supreme court dismissed his petition because he did not "allege sufficient facts with particularity," citing its decisions in *People v. Duvall* and *In re Swain See* Pet. Exhibits at 44 (citing 9 Cal. 4th 464, 474 (1995) and 34 Cal. 2d 300, 304 (1949)). This was not a final rejection of Morales's arguments or claims. As the Ninth Circuit has explained, when the California Supreme Court dismisses a petition for a lack of "sufficient facts" and "particularity," citing *Duvall* and *Swain*, the petitioner can return to the state supreme court after adding information to his petition. *See Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (en banc).

1    Morales did not attempt to file an amended petition. *See* F&Rs at 6–7. His failure to do
2    so does not necessarily demonstrate in and of itself that he has not exhausted all available state
3    court remedies. If, for example, the request he sent to the state supreme court had actually spelled
4    out his allegations in particularized detail—contrary to the state court's order—then that order
5    would amount to a final rejection of his arguments on their merits, and thus could show Morales
6    had in fact met the exhaustion requirements of § 2254(b). *See Kim v. Villalobos*, 799 F.2d 1317,
7    1319–20 (9th Cir. 1986). But as the Magistrate Judge persuasively explains in her findings and
8    recommendations, Morales's state court filing was sparse on details. It offered very little
9    information about what had happened and why those events supported his claims. *See* F&Rs at
10   8–9. Even now, Morales's filings in this court sketch only the outlines of a theory why his
11   attorney and the state court system failed to live up to the guarantees provided by the federal
12   Constitution. Because he did not pursue his claims further in state court, he did not exhaust his
13   state court remedies and cannot pursue his claims in federal court under 28 U.S.C. § 2254. *See id.*
14   The court understands that Morales may have read the state supreme court's order and
15   understood it as voicing a final rejection of his constitutional arguments. Even trained
16   attorneys—and judges, for that matter—have struggled to understand terse orders like the one the
17   California Supreme Court issued in Morales's case. *See, e.g.*, *Curiel*, 830 F.3d at 877–81 (Bybee,
18   J., concurring) (explaining "frustration" with the meaning of similar California Supreme Court
19   orders citing *Duvall* and *Swain* and noting the Ninth Circuit "has been making its concerns with
20   California's habeas practice known for the better part of half a century"). But federal and state
21   courts alike are "bound to guard and protect rights secured by the Constitution." *Rose v. Lundy*,
22   455 U.S. 509, 515 (1982) (quoting *Ex parte Royall*, 117 U.S. 241, 740 (1886)). This court must
23   follow the Supreme Court's warning that "it would be unseemly in our dual system of
24   government for a federal district court to upset a state court conviction without an opportunity to
25   the state courts to correct a constitutional violation." *Id.* at 518 (quoting verbatim *Darr v.*
26   *Burford*, 339 U.S. 200, 204 (1950)). This court agrees with the Magistrate Judge that Morales has
27   not given the California Supreme Court that opportunity.

|   |   |
|---|---|
| 1 | Under *Rhines v. Weber*, federal courts can stay a federal habeas corpus action like the one |
| 2 | in this case so the petitioner can return to state court, exhaust the remedies available to him there, |
| 3 | "and then return to federal court." 544 U.S. 269, 271–72 (2005). A district court also may "stay |
| 4 | a petition that raises only unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) |
| 5 | (emphasis omitted). A stay "is only appropriate when the district court determines there was |
| 6 | good cause for the petitioner's failure to exhaust his claims first in state court," and the claims |
| 7 | must not be "plainly meritless." *Rhines*, 544 U.S. at 277. "And if a petitioner engages in abusive |
| 8 | litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* |
| 9 | at 278. |
| 10 | In this case, the Magistrate Judge explained these requirements in a written order, cited |
| 11 | *Rhines*, and gave Morales an opportunity to show a stay would be appropriate. *See* Order |
| 12 | (Sept. 9, 2024), ECF No. 6. Morales responded by arguing the state court should have an |
| 13 | opportunity to consider his claims again after he filed an amended petition with more |
| 14 | particularized allegations. *See* Mot. Stay at 1–2, ECF No. 7. The Magistrate Judge recommends |
| 15 | against a stay because Morales did not specifically "address whether he has good cause for his |
| 16 | failure to exhaust his claims, whether his unexhausted claims are potentially meritorious, and |
| 17 | whether he did not engage in intentionally dilatory tactics." F&Rs at 11. |
| 18 | Morales was not represented by counsel while he was pursuing his habeas petition in the |
| 19 | state supreme court. "[M]any state post-conviction proceedings are conducted pro se. For this |
| 20 | group of federal habeas petitioners, the first element of the *Rhines* test can easily be established to |
| 21 | the extent that they were without counsel." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017). |
| 22 | As explained above, moreover, the state supreme court's order may not clearly have |
| 23 | communicated to Morales, an incarcerated pro se litigant, that he could amend his petition. |
| 24 | Morales thus has demonstrated "good cause" for a stay. The court also finds at least one of his |
| 25 | claims is not "plainly meritless" under the second part of the *Rhines* test. Morales was seventeen |
| 26 | at the time of his plea, and he argues his attorney believed he was guilty, took advantage of his |
| 27 | youth, and manipulated him into accepting an unfavorable resolution of the charges against him. |
| 28 | *See, e.g.*, Pet. at 5; Obj. at 4. Morales attaches a transcript of his sentencing hearing to his |

1  objections, and that transcript suggests his attorney believed Morales was suffering from an
2  unspecified mental health condition that impaired his judgment.  *See* Obj. at 8.  A claim about the
3  effectiveness of his attorney's representation in these circumstances may not ultimately succeed,
4  but it is not plainly meritless.  *See Dixon*, 847 F.3d at 722–23 (reasoning similarly).  Finally,
5  under the third part of the *Rhines* test, the record does not show Morales has engaged in
6  "intentionally dilatory litigation tactics."  *Id.* at 723 (quoting *Rhines*, 544 U.S. at 278).

The findings and recommendations are **adopted in part** as explained above.  The motion for a stay and abeyance (ECF No. 7) is **granted**.  This case is **stayed** pending resolution of related state proceedings and until further order of this court.  Petitioner **must file a status report every sixty days** after this order issues informing the court of the status of his state habeas proceedings.  Petitioner **must also file a motion to lift the stay within thirty days of final action by the state courts**.  This matter is **referred back** to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED:  August 5, 2025.

UNITED STATES DISTRICT JUDGE