UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ORTEGA MORALES, III,<br>Petitioner,<br>v.<br>M. McVAY, et al.,<br>Respondents. | No. 2:24-cv-1647 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction from the Butte County Superior Court for second degree murder in violation of California Penal Code § 187 to which petitioner pled no contest. (ECF No. 1 at 1.) Petitioner is serving a sentence of 15 years to life. (Id.) Pending before the Court is respondents' motion to dismiss on the grounds that the petition is barred by the statute of limitations. (ECF No. 16.) For the reasons that follow, this Court recommends that respondents' motion be granted and this action be dismissed.

## I. BACKGROUND

Pursuant to the mailbox rule, petitioner filed his petition on June 4, 2024. (ECF No. 1 at 63). The petition raises one claim, which identifies three legal claims: ineffective assistance of counsel, violation of due process and violation of "Brady," which appears to refer to Brady v. United States, 397 U.S. 742, 748 (1970) (a guilty plea must be knowing, intelligent and

voluntary). (Id. at 5.) In support of claim one, petitioner argues that counsel was ineffective for urging petitioner to plead no contest to murder because the evidence did not support a murder conviction. (Id.) Petitioner argues that involuntary manslaughter was a common conviction when the victim was unintentionally killed as a consequence of an aggravated assault. (Id.) Petitioner argues that he was 17 years old at the time of the incident and easily manipulated by counsel during the court proceedings. (Id.) Petitioner argues that counsel could have argued that the victim died over forty days after the incident, and that other factors could have caused the victim to die including medical negligence, COVID-19, the victim's age and pre-existing medical conditions at the time of the incident. (Id. at 17.) Petitioner argues that there was insufficient evidence of malice aforethought. (Id. at 19.) Petitioner argues that neither malice aforethought nor premeditation played a role in his case. (Id.) Petitioner argues that when a minor is solicited for sex by an adult, per the California "Castle doctrine," use of force was warranted because the solicitor did not withdraw and appeared capable of injuring petitioner. (Id.) Petitioner argues that had he gone to trial, it is reasonably likely that a jury would have acquitted petitioner of murder and found him guilty of manslaughter. (Id. at 20.) Petitioner argues that the court did not consider the youth offender factors in California Penal Code sections 4801 and 3051.[1] (Id.) Petitioner argues that his plea violated Boykin v. Alabama, 395 U.S. 238 (1969) in that it was not knowing, intelligent and voluntary.[2] (Id. at 21.)

On August 6, 2025, this action was stayed pursuant to Rhines v. Weber, 544 U.S. 269 (2005) so that petitioner could exhaust his unexhausted claims as no claims raised in the petition were exhausted. (ECF No. 10.) On October 10, 2025, petitioner filed a motion to lift the stay and a status report informing the court that he had exhausted state court remedies. (ECF No. 12.) On October 16, 2025, this Court lifted the stay and directed respondent to file a response to the

---

[1] In 2013, the California Legislature enacted a parole eligibility mechanism for juvenile offenders. See People v. Franklin, 63 Cal. 4th 261, 276-77 (2016). California Penal Code sections 3051 and 4801(c) were enacted in support of the new juvenile offender parole provisions. See Cornejo v. Lizzaraga, 2021 WL 616885, at *20-21 (E.D. Cal. Feb. 17, 2021), findings and recommendations adopted, 2021 WL 4478727 (E.D. Cal. Sep. 30, 2021).

[2] Under Boykin, "the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." Brady, 397 U.S. at 747 n.4.

petition. (ECF No. 13.) On December 15, 2025, respondents filed the pending motion to dismiss. (ECF No. 16.) Petitioner filed an opposition to the motion to dismiss. (ECF No. 20.) Respondents filed a reply to petitioner's opposition. (ECF No. 21.) Petitioner filed two sur-replies. (ECF Nos. 22, 23.)

This Court observes that in the motion to dismiss, respondents do not identify any state postconviction petitions filed by petitioner following the stay of this action on August 6, 2025. In petitioner's motion to lift the stay and status report filed October 10, 2025, petitioner claimed that he had exhausted state court remedies during the stay. (ECF No. 12.) Petitioner attached to this motion and status report a letter dated September 8, 2025 addressed to petitioner from the California Supreme Court. (Id. at 6.) This letter stated, in relevant part, "This will acknowledge receipt of your document dated August 30, 2025. You are advised that your petition for writ of habeas corpus, received and filed on April 14, 2023, has been denied." (Id.) Petitioner attached no other evidence of exhaustion to his motion to lift the stay and status report. (See ECF No. 12.) Based on this record, it does not appear that petitioner exhausted his claims during the stay of this action. However, because the issue of whether the statute of limitations bars the petition is dispositive, this Court does not reach the exhaustion issue.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

A respondent's motion to dismiss is reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citing White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989)). Under Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

## III. STATUTE OF LIMITATIONS

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ

> of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

**B. Chronology**

For purposes of the statute of limitations analysis, the relevant chronology follows:

1. On November 8, 2018, petitioner was convicted of second degree murder in Butte County Superior Court. (ECF No. 18-1 at 1.) On January 10, 2019, petitioner was sentenced to 15 years to life. (Id.)

2. Petitioner did not appeal the judgment. (ECF No. 16 at 1.)

3. On September 17, 2019, petitioner filed a petition for resentencing pursuant to California Penal Code § 1170.95 in the Butte County Superior Court. (ECF No. 18-2.) On October 11, 2019, this petition was denied. (ECF No. 18-3.) On October 21, 2019, petitioner filed a notice of appeal in the California Court of Appeal regarding the denial of his petition for resentencing pursuant to California Penal Code § 1170.95. (ECF No. 18-4.) On February 26, 2021, this petition was dismissed for being abandoned. (ECF No. 18-5.)

4. On December 5, 2022, petitioner filed a second petition for resentencing pursuant to California Penal Code § 1170.95 in the Butte County Superior Court. (ECF No. 18-6.) On January 24, 2023, this petition was denied. (ECF No. 18-7.)

5. On February 21, 2023, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (ECF No. 18-8.) On March 10, 2023, the California Court of Appeal

denied this petition. (ECF No. 18-9.)

6. On April 3, 2023, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 18-10.) On July 12, 2023, the California Supreme Court denied this petition. (ECF No. 18-11.)

**C. Calculation of Limitations Period**

For purposes of calculating the statute of limitations, § 2254(d)(1)(A) applies. Petitioner's conviction became final sixty days after he was sentenced on January 10, 2019, i.e., on March 11, 2019. See Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012) (where the petitioner did not appeal his sentence, the judgment became final 60 days later, the date California's 60-day appeal period lapsed) (citing Cal. R. Ct. 8.308(a)). The one year statute of limitations commenced running the following day, March 12, 2019. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Therefore, the last day for petitioner to file a timely federal petition was one year later on March 12, 2020. The instant petition, filed June 4, 2024, is not timely unless petitioner is entitled to statutory or equitable tolling.

**D. Statutory Tolling**

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. See Artuz v. Bennett, 531 U.S. 4, 8 (2000).

1. Limitation Period that Elapsed before First State Action Filed

As noted by respondents in the motion to dismiss, tolling between finality of direct review on March 11, 2019 and the filing of the first state action on September 17, 2019 is not appropriate. This is because no state court application was "pending." 28 U.S.C. § 2244(d)(2); Lawrence v. Florida, 549 U.S. 327, 330-31 (2007); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes final and the filing of a state habeas petition is not tolled[.]").

2. Tolling for Pendency of State Actions re: Petitioner's First Motion for Resentencing

Respondents contend, and this Court agrees, that petitioner is entitled to statutory tolling for the time his state actions were pending regarding his first motion for resentencing pursuant to California Penal Code § 1170.95, i.e., from September 17, 2019 to February 26, 2021. Thus, petitioner is entitled to statutory tolling for 529 days. Adding 529 days of tolling to March 12, 2020 extended the limitations period to August 23, 2021.

3. Tolling Regarding Remaining State Actions

Petitioner filed his next state action on December 5, 2022. Because this action and petitioner's remaining state actions were filed after the statute of limitations expired on August 23, 2021, petitioner is not entitled to statutory tolling for these petitions. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (finding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (concluding state habeas petitions filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Because the statute of limitations expired on August 23, 2021, the instant action, filed June 4, 2024, is not timely unless petitioner is entitled to equitable tolling.

**E. Equitable Tolling**

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court held "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland, 560 U.S. at 645. In so holding, the Supreme Court noted "[w]e have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Like any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'" Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (quoting Holland, 560 U.S. at 650). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. See Espinoza-Matthews v. California, 432

F.3d 1021, 1026 (9th Cir. 2005).

In the opposition, petitioner argues that he was not represented by counsel while pursuing his habeas petitions in state court. (ECF No. 20 at 4.) To the extent petitioner argues for equitable tolling based on his pro se status during his state post-conviction proceedings, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, this Court finds that petitioner has not demonstrated that he is entitled to equitable tolling.

**F. Additional Arguments Raised in Petitioner's Opposition**

In the opposition, petitioner argues that he was convicted of murder based on a now-impermissible theory. (ECF No. 20 at 1-2.) Petitioner requests that this Court reverse the sentencing court's order denying his petition and issue an order to show cause under Penal Code § 1172.6(c). (Id. at 2.) California Penal Code § 1170.95 was renumbered as California Penal Code § 1172.6 effective June 30, 2022. See People v. Strong, 13 Cal. 5th 698, 708 n.2 (2022). Thus, petitioner's argument appears to refer to his state court petitions for resentencing pursuant to California Penal Code § 1170.95.[3] Petitioner's claims raised in the opposition challenging the denial of his petitions for resentencing pursuant to California Penal Code § 1170.95 are barred by the statute of limitations for the same reasons as are the claims raised in the petition.[4]

Petitioner also appears to argue that he meets the actual innocence exception to the statute

---

[3] California Penal Code § 1170.95 became effective January 1, 2019. See Carter v. Koenig, 2019 WL 6331375, at *2 (C.D. Cal. Oct. 30, 2019).

[4] This Court also observes that petitioner's claims challenging the denial of his petitions for resentencing pursuant to California Penal Code § 1170.95 are not cognizable on federal habeas. See Luckett v. Bailey, 2025 WL 579196, at *3 (N.D. Cal. Feb. 21, 2025) (listing cases where federal courts held that challenges to denials of former section 1170.95 petitions were not cognizable on federal habeas review); Muhammad v. Matteson, 2024 WL 3792394, at *2 (E.D. Cal. Aug. 13, 2024), findings and recommendations adopted, 2024 WL 4729409 (E.D. Cal. Nov. 8, 2024) (challenges to state court's denial of resentencing under section 1170.95 do not present a federal question); Bowen v. Samuels, 2024 WL 1289579, at *1 (N.D. Cal. March 25, 2024) (same); Thompson v. Martinez, 2023 WL 8939217, at *5 (C.D. Cal. Dec. 18, 2023), findings and recommendations adopted, 2024 WL 313612 (C.D. Cal. Jan. 25 2024) (same); Calderon v. Covello, 2023 WL 5420229, at *3 (N.D. Cal. Aug. 22, 2023) (same); Proby v. Ross, 2021 WL 4441542, at *1-2 (E.D. Cal. Sept. 28, 2021), findings and recommendations adopted, 2022 WL 118951 (E.D. Cal. Jan. 12, 2022) (same).

of limitations. (ECF No. 20 at 3.) Petitioner argues that he was never guilty of second degree murder. (Id.) Petitioner argues that "in light of the new evidence, no juror acting reasonably would have voted to find appellant guilty beyond a reasonable doubt." (Id.) Petitioner does not identify the new evidence supporting his claim of actual innocence, nor does he attach documentation of new evidence to his opposition. Petitioner goes on to argue that he did not act with malice aforethought or premeditation. (Id. at 3.) Petitioner argues that it was "sudden provocation, without planning, motive and manner. It was an unfortunate assault, with unfortunate great bodily injury, resulting in death." (Id. at 4.)

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... [or] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). However, "tenable actual-innocence gateway pleas are rare[.]" McQuiggin, 569 U.S. at 386. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror [or other trier of fact], acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; see also Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003) (holding that "habeas petitioners may pass Schlup's test by offering 'newly presented' evidence of actual innocence"); Shumway v. Payne, 223 F.3d 982, 990 (9th Cir. 2000) (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[A] claim of actual innocence must be based on reliable evidence not presented at trial.")).

"[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "The evidence of innocence 'must be so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Lampert, 653 F.3d at 937-38 (quoting

Schlup, 513 U.S. at 316). The court must consider "'all the evidence, old and new, incriminating and exculpatory,' admissible at trial or not." Id. at 938 (quoting House v. Bell, 547 U.S. 518, 538 (2006)). The court must make a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (quoting House, 547 U.S. at 538).

Although petitioner claims innocence, petitioner appears to argue legal insufficiency rather than factual innocence. In any event, petitioner has not provided any "new reliable" evidence demonstrating innocence. Therefore, petitioner is not entitled to the actual innocence exception to the statute of limitations.

**G. Petitioner's Sur-Replies**

Although sur-replies are not usually permitted, this Court considers petitioner's sur-replies filed March 10, 2026 and March 27, 2026 in an abundance of caution. (ECF Nos. 22, 23.) The sur-replies are identical, except for the attachment of exhibits to the sur-reply filed March 10, 2026. (ECF No. 22.) Accordingly, this Court addresses the March 10, 2026 sur-reply below.

In the March 10, 2026 sur-reply, petitioner requests that the Court reverse the state court decisions denying his requests for resentencing pursuant to California Penal Code § 1170.95. (Id. at 1.) This Court addressed this argument in the section above addressing petitioner's opposition. In the March 10, 2026 sur-reply, petitioner also argues that he is innocent of second degree murder. (Id. at 3.) Petitioner cites no new evidence in support of this claim, nor do the exhibits attached to the sur-reply contain evidence of actual innocence. Accordingly, this Court finds that petitioner's sur-reply does not demonstrate that petitioner is entitled to the actual innocence exception to the statute of limitations.

Petitioner also argues that the record shows that petitioner is entitled to equitable tolling because he was mentally incompetent. (Id. at 3.) "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). To warrant equitable tolling based on a mental impairment, a petitioner must show: (1) his mental impairment was so severe that he either was "unable rationally or factually to personally understand the need to timely file,"

or that his mental state was so severe that it "rendered him unable personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). Petitioner's conclusory assertion that he is entitled to equitable tolling because he was mentally incompetent fails to demonstrate that he suffered mental incapacity to such a degree that he either was unable to rationally or factually personally understand the need to timely file his federal habeas petition. Petitioner also fails to demonstrate that he was so mentally ill that he was unable to prepare a habeas petition. See Jamison v. Haws, No. 1:09-cv-00998 LJO GSA, 2010 WL 2975766, at *4 (E.D. Cal. July 27, 2010), findings and recommendations adopted, No. 1:09-cv-00998 (E.D. Cal. Sept. 23, 2010) (rejecting petitioner's claim that his mental illness entitled him to equitable tolling: "He does not state that he has ever been adjudicated incompetent, .... He offers no evidence in support of the claim, such as psychological evaluations, medical reports or hospitalization records. He provides no details on the alleged psychotropic medication, such as what it is, when he started treatment, the duration, whether there are any side effects, and how the medication caused him to be untimely."). For these reasons, this Court finds that petitioner is not entitled to equitable tolling based on mental incompetence.[5]

## IV. CONCLUSION

As discussed above, with statutory tolling, the statute of limitations expired on August 23, 2021. Because petitioner failed to demonstrate that he is entitled to equitable tolling or any other exception to the statute of limitations, the instant action filed June 4, 2024 is untimely. For these reasons, this Court recommends that respondents' motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondents' motion to dismiss (ECF No. 16) be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge

[5] This Court also examined the exhibits attached to the petition and finds no evidence supporting a claim for equitable tolling based on mental incompetence. (See ECF No. 1.)

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mora1647.mtd/2